IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HARVEY JONES,
ADC #88202                                                                          PLAINTIFF

v.                                              5:07CV00291WRW/HLJ

LARRY NORRIS, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the defendants' motions to dismiss and for summary judgment (DE ##22, 36, 73, 75).  Plaintiff filed responses to defendants' motions, together with his own motion for summary judgment (DE ##34, 46, 71, 76-80).

Plaintiff, a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging deliberate indifference to his serious medical needs with respect to their treatment of numerous ailments, together with their assessment of his medical classification.  Plaintiff asks for monetary and injunctive relief from ADC defendants Norris, Kelley, Lay, and Woods, together with defendants Griffin and Blackmon, who are employees of Correctional Medical Services, Inc. (CMS), which contracts with the ADC to provide medical care and treatment to state prison inmates.

According to plaintiff's complaint, he suffers from a myriad of ailments, including neck and back injuries, hemorrhoids, right ear and right hand injuries, left shoulder injury, foot problems, eye

and sinus problems, problems related to diabetes, chest pains, stomach cramps and heart burn.

Plaintiff acknowledges that defendants have provided him with some treatment for these ailments, but states their treatment has been deliberately indifferent in that they have not provided him with the adequate medical care he needs.  In addition, plaintiff states defendants have been deliberately indifferent to his medical classification, which is M-2, and as a consequence he is in imminent danger of having to work at inappropriate jobs which could result in further injuries.  Finally, plaintiff alleges that because of the improper classification, he refused to work on several occasions, which resulted in the receipt of disciplinary violations and sentences to punitive isolation.

## II.  Summary Judgment Motions[1]

### A.  ADC Defendants' Motion

Defendants Norris, Kelley, Lay and Woods state plaintiff's complaint against them should be dismissed for the following reasons: 1) plaintiff fails to state a claim upon which relief may be granted because he attributes no unlawful conduct to them, other than that he was unhappy with their responses to his grievances.  In addition, defendants state defendant Woods was not responsible for classifying him medically, but rather, assigning him a job consistent with that classification, and that plaintiff does not have a constitutional right to a particular work classification.  Finally, defendants state plaintiff attempts to challenge his disciplinary convictions, which is prohibited by Heck v. Humphrey, 512 U.S. 477 (1994) and Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996), and fails to

---

[1]

Defendants originally filed motions to dismiss (DE ##22, 36), but by Order dated February 28, 2008, the Court stated the motions would be construed as ones for summary judgment, and permitted extra time for the parties to submit additional affidavits and evidence in support of their respective positions.  Following this Order, defendants filed additional briefs (DE #66) and motions to dismiss and for summary judgment (DE ##73, 75).  Plaintiff also filed a motion for partial summary judgment, which this Court also construes as a response to the defendants' motions (DE #71).

allege any deprivations which caused an atypical or significant hardship, as set forth in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995); 2) plaintiff's allegations against defendants are in their official capacities only, and as such, they are protected from monetary liability by sovereign immunity; 3) plaintiff's allegations against defendants Norris, Kelley, and Lay are based on their supervisory positions only, and should be dismissed since respondeat superior is not an appropriate theory of liability in cases filed pursuant to § 1983; and 4) plaintiff provides no proof of deliberate indifference on defendants' part, and the ADC defendants are not involved in the medical treatment decisions. <u>See</u> <u>Keeper v. King</u>, 130 F.3d 1309 (8th Cir. 1997).

B.  Plaintiff's Response

Plaintiff alleges all defendants have failed to provide him with adequate medical care and treatment for his ailments, and as a consequence of that deliberate indifference, he was assigned to a job which risks further injury.  Plaintiff disagrees with defendants' responses to his grievances, and maintains their denials to those grievances further evidence their deliberate indifference to his medical situation.   In addition, plaintiff states he was improperly placed in punitive isolation as a result of his refusal to work.  Plaintiff maintains in his responses that defendants acted in their individual and official capacities.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  <u>See</u>  <u>Dulaney v. Carnahan</u>, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

4

demonstrate the absence of a genuine issue of material fact." <u>Webb v. Lawrence County</u>, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." <u>Id</u>. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." <u>Id</u>.  In addition, in order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 827 (1994).

 D.  Analysis

        Plaintiff does not dispute these defendants' assertions (as set forth in their affidavits, DE #66), that they are not medical doctors, and therefore lack the medical expertise to treat his conditions.  Rather, plaintiff asserts that defendants' repeated refusals to positively respond to his grievances resulted in deliberate indifference to his medical needs.  According to <u>Keeper</u>, <u>supra</u>, as cited by defendants, the ADC defendants can not be held liable for the medical staff's diagnostic and treatment decisions.  In addition, plaintiff provides no medical proof that defendants' grievance decisions resulted in physical harm to him.  With respect to defendant  Wood, plaintiff appears to allege she is  liable for assigning him to certain jobs.  Yet, as asserted in her affidavit, DE #66, physicians determine an inmates' medical classification, and she assigns a job which is commensurate with that classification.  In this particular case, Woods states plaintiff received a restriction from jobs requiring a full grip with his right hand, and was permitted to work on field

utility with this restriction.   Therefore, the Court finds plaintiff fails to support a claim of deliberate indifference against the ADC defendants.

In addition, with respect to plaintiff's allegations of improper disciplinary convictions and sentences in punitive isolation, the Court finds that this case falls within the context of Edwards v. Balisok, 520 U.S. 641 (1997), and Heck v. Humphrey, supra.   In Balisok, supra, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits.   The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings.   520 U.S. at 646.   The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time.   In the earlier case of Heck v. Humphrey,  the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court.   See also Sheldon v. Hundley, supra.

In this particular case, plaintiff is challenging the results of his disciplinary convictions, apparently as improper based on his medical challenges.   Therefore, a judgment in his favor would imply the invalidity of his convictions, and he can not recover damages unless those convictions are reversed by a state tribunal or federal court.   With respect to his allegations concerning his confinement in punitive isolation, plaintiff fails to support a due process violation.   In Sandin v. Connor, supra, the Court held that inmates do not possess a due process liberty interest in freedom

from administrative or punitive segregation.  Recognizing, however, that states may themselves create certain protected  liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  515 U.S. at 483.  In this particular case, plaintiff does not allege that any particular conditions of his confinement in punitive isolation resulted in an atypical or significant hardship on him.  Therefore, the Court finds the ADC defendants are entitled to judgment as a matter of law on plaintiff's claims against them.

III.  Medical Defendants' Motion

A.  Defendants' Motion

Defendant Dr. Blackmon states in an affidavit in support of his motion, that he has consistently treated plaintiff for various ailments, as evidenced by plaintiff's medical records (DE #75). Blackmon also states plaintiff has been seen numerous times by numerous physicians, who all have classified him as M-2.  Defendant Rory Griffin, the Administrator for CMS, states that as an administrator, he is not capable of rendering medical treatment and decisions.  Both medical defendants state plaintiff's allegations are based on a disagreement over the course of the medical treatment he has received, and that plaintiff provides no evidence to support his allegation of deliberate indifference against them.  In addition, defendants state plaintiff can provide no proof that a delay in his medical treatment resulted in a detrimental effect to his health, citing Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995),  Defendants also state that plaintiff is a three-striker, within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and should not be permitted to continue to proceed in this action in forma pauperis.  Defendants deny that plaintiff's

allegations rise to the level of imminent danger of serious injury, which is an exception to the PLRA.

## B.  Plaintiff's Response

In response, plaintiff states his present medical situation and current course of medical treatment and classification has rendered him "helpless and in a state of despair."  DE #79.  He also states defendant Griffin failed to perform his job as a medical supervisor to ensure that plaintiff received correct medical care and classification status.  Plaintiff admits receiving certain treatment for his various ailments, and such is further evidenced by plaintiff's medical records.  However, plaintiff states he should have received different treatments for his ailments.

## C.  Standard of Review

See Section II (c).

## D.  Analysis

Initially, the Court notes that although plaintiff is a three-striker within the meaning of the PLRA,[2] the Court finds that because of the all-encompassing allegations of deliberate indifference to his medical care,  a better result would be achieved by examining the substantive issues of his claims, rather than dismissing outright on a procedural basis.

In order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, supra. However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 197 (1976).   Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment

---

[2]

See Jones v. McQuilliams, 1:99cv00016, dismissed as "frivolous and malicious", Jones v. Lay, 5:98cv00449, dismissed for failure to state a claim, and Jones v. Norris, 5:01cv00369, which was dismissed on appeal as frivolous. 310 F.3d 610, 612(8th Cir. 2002).

decisions does not rise to the level of a constitutional violation," <u>Estate of Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995).  <u>See</u> <u>also</u> <u>Smith v. Marcantonio</u>, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).   Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." <u>Long v. Nix</u>, 86 F.3d  761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. <u>Beyerbach v. Sears</u>, 49 F.3d 1324, 1326 (8th Cir. 1995).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." <u>Dulany</u>, <u>supra</u>, 132 F.3d at 1240.

It is clear from plaintiff's allegations and his responses to the motion, that his allegations against defendant Griffin are based solely on his supervisory authority, and such liability is not available in actions filed pursuant to 42 U.S.C. § 1983.  <u>See</u> <u>Glick v. Sargent</u>, 696 F.2d 413, 414 (8th Cir. 1983), and <u>Messimer v. Lockhart</u>, 702 F.2d 729 (8th Cir. 1983).  Therefore, the Court finds as a matter of law that  plaintiff fails to support an Eighth Amendment claim against this defendant .

In addition, with respect to defendant Blackmon, plaintiff does not allege that he denied him treatment, failed to treat him, or acted recklessly and maliciously, which are elements of a deliberate indifference claim.  Rather, he complains about the type of treatment he has received, yet provides

no medical evidence to support that he has been harmed by such treatment.  He also is not specific in his allegations concerning his suffering, other than to say that he is helpless and in despair. Plaintiff's disagreement with defendant Blackmon over his medical classification also does not rise to the level of a constitutional violation, especially since his medical records show his classification has been reviewed on numerous occasions, and because defendant Blackmon was not the only physician to assign him to the classification of M-2.  Any allegations of delay in treatment also are unsupported by plaintiff's medical records and by a lack of evidence that such proved detrimental to his health.

Finally, although plaintiff alleges discrepancies in his treatment, he provides no proof of behavior to support a finding of deliberate indifference by defendants.  In addition, he provides no medical evidence of harm as a result of any delays in his treatment.  Therefore, the Court concludes that defendants' motions for summary judgment should be granted, and plaintiff's complaint against defendants should be dismissed.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motions to dismiss and for summary judgment (DE ##22, 36, 73, 75) are hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with prejudice.

IT IS FURTHER ORDERED that all other pending motions are DENIED as moot.

IT IS SO ORDERED this 16th day of May, 2008.

_Henry L. Jones, Jr._
_____
United States Magistrate Judge